Filed 12/2/20  P. v. Zabala CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090631 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 19FE003434, 18FE021040) |
| v. | |
| JEREMIAH RALPH ZABALA, | |
| Defendant and Appellant. | |

Defendant Jeremiah Ralph Zabala pleaded no contest to criminal offenses in two separate cases; his sentences were doubled due to a strike prior.  The trial court did not detail any fines or fees in its oral pronouncement of sentence.  Defendant argues that fines and fees reflected in the abstract of judgment were not properly imposed and must be stricken.[1]  As we explain, we disagree and affirm the judgment.

---

[1] Defendant initially argued his presentence credits were incorrect.  The trial court subsequently amended the abstract of judgment to correct defendant's custody credits.

1

# BACKGROUND

In case No. 18FE021040 (the 2018 case), defendant pleaded no contest to felony unlawful possession of a firearm (Pen. Code, § 29820).[2]  In case No. 19FE003434 (the 2019 case), defendant pleaded no contest to felony attempting to evade law enforcement by driving in the wrong direction (Veh. Code, § 2800.4), felony driving under the influence of alcohol causing injury or death (Veh. Code, § 23153, subd. (a)), and misdemeanor resisting arrest (§ 148, subd. (a)(1)).  As to each case, defendant admitted a prior strike allegation based on a 2015 sustained petition for juvenile robbery.  (§§ 667, subd. (b)-(i), 1170.12.)

A probation report prepared for defendant's sentencing recommended imposing various fines and fees, including restitution fines of $1,200 in the 2019 case and $300 in the 2018 case (§ 1202.4), a "suitable fine" in the range of $390 to $1,000, booking and jail classification fees, various costs including presentence report and investigation, "mandatory court operations assessment[s]" totaling $160 (§ 1465.8), and court facility fees totaling $120 (Govt. Code, § 70373).

At the sentencing hearing, immediately after the trial court called the case and defense counsel waived formal arraignment, the court asked defense counsel if he wanted to be heard; counsel replied, "Just [to] ask the Court to reduce the fines and fees to either eliminat[e] them as possible or reduce to statutory minimum."  The court responded: "I'm prepared to do that" and then announced that it was in receipt of the probation report and had read and considered the report.  The court then ordered the report "filed as part of

---

(Pen. Code, § 1237.1.)  In his reply, defendant concedes that his presentence credits are now correct.

[2]  Undesignated statutory references are to the Penal Code.

2

the record in this case."[3]  Immediately thereafter, the court noted the probation report's recommendation for custody time exceeded the plea agreement and  confirmed with the prosecutor that the plea agreement's recommendation stood.  In another apparent reference to the report, the court then said:  "All right.  I am going to order this filed and will maintain jurisdiction for the purpose of restitution."

The trial court continued, "I will strike fees and fines.  However, on page 11, item 8, I will impose five days in lieu of the fine . . . .  [¶]  I'll strike item 9 on page 11.  Item 10 on page 12.  I'll also strike item 4 on page 13.  I will strike the cost of investigation and presentence report."  The court then proceeded to address the custodial and credits portion of the sentence.

As relevant here, the abstract of judgment reflects the minimum $300 restitution fines (§ 1202.4) in each of defendant's two cases; $120 in conviction assessments (Gov. Code, § 70373), and $160 in court operations assessments (§ 1465.8).

## DISCUSSION

Defendant's sole remaining contention on appeal is that the restitution fines and two sets of fees described above should be deleted from the abstract of judgment because the trial court did not orally impose them.[4]

As we have detailed above, a close review of the transcript reveals that the trial court was working from the probation report and implicitly incorporating it by reference while orally pronouncing sentence.  After indicating it had received and read the report,

---

[3]  The probation report was filed August 22, 2019, the same day as the sentencing hearing.

[4]  In his opening brief, defendant argued under *People v. Dueñas* (2019) 30 Cal.App.5th 1157, the trial court's imposition of non-penal fines without determining defendant's ability to pay violated due process.  In response, the People argued defendant forfeited this claim by failing to raise it in the trial court.  Defendant expressly abandons this argument in his reply.

the court twice ordered it filed, the second time referring to "this," which strongly suggests that the court had the report in its direct line of sight while speaking. The court then continued to specifically refer to the probation report, by page and item number.

Our review of the report reveals page and item numbers that correspond with the trial court's oral citations; those items contain interlineations consistent with the trial court's oral pronouncements including "5 days in lieu of fine" printed in item 8 on page 11, lines through the booking and classification fees that appear as items 9, 10, and 4, on pages 11, 12, and 13, respectively, and another physical strikethrough of the recommended presentence report and investigation costs.

There are additional indications that the trial court was working with the parties directly from the probation report, and thus implicitly incorporating its recommendations by reference during sentencing in a manner that resulted in the imposition of the minimum fees and fines now challenged on appeal. First, near the end of the short hearing and after the court referenced specific pages of the probation report, as we have set forth above, the court announced 152 actual days of credit, to which defense counsel responded that the announced "amount of time . . . is different than in the probation report." Indeed, the report calculated 182 days of actual credit. The court responded that defendant was "serving a 30-day sentence," which would account for the 30 day difference in the recommendation. Thus, it appears both the court and counsel were looking at the report at the time these observations were made. Second, after the court responded it was "prepared to do that" when asked by defense counsel to reduce fines to the minimum, implicitly granting the request, the $1,200 restitution fine recommended by the probation report as to the 2019 case is indeed reduced to the minimum $300, as reflected in the abstract of judgment. Third, the court did not specifically orally order the additional mandatory consequences of crimes of conviction listed as recommended components of the sentence by the report, such as driver's license suspension and firearms relinquishment forms and requirements. The court only noted that it would

4

reduce the mandatory fines to the minimum, strike the non-mandatories, and then clarified certain other specific changes that appear interlineated in the report. The remainder of the recommendations were ordered by implicit incorporation of the probation report, and were properly included on the abstract of the judgment where appropriate.

Although we agree that the record is not as detailed as would be ideal, it is sufficient to show that the minimum fines and fees were indeed imposed.

## DISPOSITION

The judgment is affirmed.


_____/s/_____
Duarte, Acting P. J.


We concur:



_____/s/_____
Hoch, J.



_____/s/_____
Renner, J.

5